UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HUHTAMAKI COMPANY MANUFACTURING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CKF, INC., | ) ) ) |
| Defendant. | ) |

Civil No. 08-264-B-W

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on November 20, 2008 her Recommended Decision (Docket # 23). The Defendant CKF, Inc. filed its objections to the Recommended Decision on December 8, 2008 (Docket # 25) and the Plaintiff Huhtamaki Company Manufacturing filed its response on December 29, 2008 (Docket # 26). I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.[1]

---

[1] Although not limited to the Magistrate Judge's construction of *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007), and *Adelson v. Hananel*, 510 F.3d 43 (1st Cir. 2007), CFK, Inc. devotes significant effort to its contention that the Magistrate Judge erred in concluding that concurrent litigation is not a relevant consideration in a *forum non conveniens* analysis. The Court disagrees that the Magistrate Judge erred. First, in reaching her recommendation, the Magistrate Judge cited *Adelson* as one factor among many. Further, in *Adelson*, the First Circuit addressed whether, in evaluating a *forum non conveniens* argument, the district court should have considered the existence of concurrent litigation in Israel. *Adelson*, 510 F.3d at 54. After itemizing the factors in the public interest analysis, the First Circuit observed that

> [t]he existence of concurrent litigation is not a relevant factor to the analysis; none of the factors enumerated above invokes a comparison between the two competing fora. By focusing on the

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 23) is hereby AFFIRMED.

2. It is further ORDERED that the CFK's Motion to Dismiss (Docket # 14) is DENIED.[2]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 12th day of January, 2009

---

existence of parallel proceedings in a foreign court, the district court essentially converted the analysis into a determination of which of the two pending cases should go forward. In doing so, the court erroneously lowered the defendant's burden of proving that the balance of factors justified dismissal of a suit from a U.S. plaintiff's choice of home forum.

*Id.* Despite CFK, Inc.'s strenuous objection, *Adelson* is, as Huhtamaki argues, directly on point. In declining to allow the existence of concurrent litigation to trump the *forum non conveniens* analysis, the Magistrate Judge avoided committing, as she said, "the same error as was committed by the trial court in *Adelson*." *Recommended Decision* at 11 (Docket # 23).

[2] The Magistrate Judge also denied CFK, Inc.'s motion for leave to file additional affidavits (Docket # 20); CFK, Inc. did not challenge this part of the Magistrate Judge's ruling.