UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HUHTAMAKI COMPANY MANUFACTURING, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil No. 8-264-B-W |
| CKF, INC., | ) ) | |
| Defendant | ) | |

**ORDER**

This case is in front of me for the third go-round on the question of whether this Court should dismiss this action based upon forum non conveniens grounds. This time the matter is put before me in the form of Huhtamaki's motion for reconsideration. (Doc. No. 54.) I have issued two recommended decisions on this issue, the first of which recommended denial of CKF's motion to dismiss and was affirmed by the District Court Judge. Defendant CKF, Inc., then filed a renewed motion to dismiss following Huhtamaki's motion for leave to file an amended complaint. (See Doc. Nos. 32, 34.) In my view, the motion to amend was proper because the claims which Huhtamaki sought to add to this litigation involving use of trademarks in Canada were properly joined with the contract dispute originally before the Court. I granted Huhtamaki's nondispositive motion to amend. I also found that the addition of trademark litigation regarding the use of trademarks in Canada and other factors raised in the renewed motion to dismiss considerably shifted the forum non conveniens analysis and that CKF was now entitled to dismissal of this case in favor of the ongoing litigation involving the same subject matters in the courts of Nova Scotia. I therefore recommended that the Court grant the renewed

motion to dismiss, but that recommendation has not been affirmed by the District Court Judge. In the meantime, the litigation has continued in this Court, subject to a September 4, 2009, discovery deadline, because I have declined to issue a general stay of the scheduling order.

Huhtamaki requested that I reconsider my pending recommended decision for two reasons: (1) the decision was based upon a manifest error of fact because I relied upon the affidavit of Robert G. Patzelt and that affidavit contains false material statements which only became apparent to Huhtamaki after completion of the briefing cycle on the renewed motion to dismiss; and (2) I overlooked material portions of the Paul Carter affidavit. This Court has described the heavy burden placed upon the party moving for reconsideration in the following terms:

> [Huhtamaki] carries a heavy burden in its motion for reconsideration. To succeed, [it] must "demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006); Global Naps, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007) ("As a general matter, a motion for reconsideration may only be granted if the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations."); see D. Me. Loc. R. 7(g) ("A motion to reconsider an interlocutory order of the court, meaning a motion other than one governed by Fed.R.Civ.P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law....").

Rooney v. Sprague Energy Corp., 581 F. Supp. 2d 94, 98-99 (D. Me. 2008).

I believe that Huhtamaki has invoked the proper legal standard for reconsideration of a recommended decision, *i.e.*, "a manifest error of fact," but the notion of reconsidering what is, in fact, only a recommendation subject to *de novo* review in any event, seems to simply create additional expense and delay. Nevertheless, if I truly believed that my recommendation was based upon a materially false affidavit I would want to correct that

2

error.  Because Local Rule 7(g) clearly envisions such a motion addressed to a magistrate judge, I have carefully considered the parties' submissions while reconsidering my current recommended decision.  If Huhtamaki's claim were merely that I overlooked the Carter affidavit or that I did not give that affidavit sufficient weight, I would simply deny this motion with a text endorsement.

My original recommended decision cited to the Carter affidavit and, of course, I was aware of Huhtamaki's insistence that many of its technological witnesses came from the Waterville, Maine area.  Those witnesses have little to do with the trademark litigation.  My point in reviewing the renewed motion to dismiss was that it was painfully obvious that one party or the other was going to have a degree of inconvenience associated with whichever forum resolved the dispute.  In my second recommended decision I did not alter the legal standard.  CKF's burden has always been to establish that considerations of convenience and judicial economy strongly favor litigation of the claims in Nova Scotia.  They were able to do so in the renewed motion to dismiss because the nature of the case had changed, not because CKF had somehow convinced me that the number of witnesses in Nova Scotia versus the number of witnesses in Maine now strongly favors CKF.  I indicated even in the first recommended decision that the burdens on CKF outweigh the convenience that litigation in Maine provides to Huhtamaki. (R&R at 7, Doc. 23.)  It was not the number of witnesses in Nova Scotia that pushed those burdens from merely "outweighing" to "strongly favoring" CKF.  As CKF points out in its response to the motion for reconsideration, there were many considerations moving the matter to strongly favor the Nova Scotia forum, perhaps the most significant being that the Nova Scotia Supreme Court has become significantly and substantially the more practical and efficient forum in which

to address the issues of the 1978 contract, along with the earlier 1957 contract that was the sole subject matter of the earlier complaint. I will not rehash all of that here. I continue to view the circumstances as strongly favoring litigation in Nova Scotia and, therefore, Plaintiff's Motion for Reconsideration is DENIED.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

June 15, 2009 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge